IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAMLESH SHETH,

                                                                       OPINION AND ORDER

                    Plaintiff,

                                                                       15-cv-315-bbc

     v.

PREMIER BANK, ROY J. BUDLONG,
MARK OLM and OLM & ASSOCIATES,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Two motions to dismiss are ready for review in this case brought under state law and 28 U.S.C. § 1332. Dkt. ##8 and 10. (Plaintiff alleges that he is a citizen of Illinois, defendants are citizens of Wisconsin and the amount in controversy is more than $75,000, so plaintiff has satisfied the requirements of § 1332 at the pleading stage.) All of the defendants argue that the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine because plaintiff's alleged injuries arise out of a deficiency judgment in a state court foreclosure action. In addition, defendants Mark Olm and Olm & Associates contend that plaintiff has failed to state a claim upon which relief may be granted because the attachments to his complaint show that neither Olm nor Olm & Associates violated plaintiff's rights. I am denying both motions as premature.

      Plaintiff fairly alleges the following facts in his complaint.

ALLEGATIONS OF FACT

In 2006, plaintiff Kamlesh Sheth sold his interest in a hotel in Whitewater, Wisconsin to Munish Singh. Cpt. ¶ 8, dkt. #1. Singh obtained financing of $1,050,000 from defendant Premier Bank and plaintiff guaranteed the note. Id. In 2010, Singh defaulted on his loan. Id. at ¶ 10. However, defendant Premier agreed not to pursue a deficiency judgment against plaintiff if he located a buyer who would pay off the amount due on the note. Id. at ¶ 20. Defendants Mark Olm and Olm & Associates drafted the agreement. Id. at ¶ 21. After plaintiff located an interested purchaser, the parties agreed that the purchase price would be $1,100,000, that defendant Premier would take title at the sheriff's sale and that Premier would transfer the title to the new purchaser. Id. at ¶ 25. Defendant Premier and the purchaser later closed on the transaction and the purchaser paid Premier $1,100,000. Id. at ¶ 29.

Plaintiff also alleges that, in April 2011, defendant Premier named plaintiff as a defendant in a foreclosure action filed in Wisconsin state court, but Premier did not serve the complaint on plaintiff. Id. at ¶ 17. Even after plaintiff secured a new purchaser, Premier did not drop plaintiff from the lawsuit. Id. at ¶ 31. In June 2011, Premier obtained a judgment of foreclosure and sale. Id. at 32. In March 2012, Premier moved for a deficiency judgment against plaintiff for approximately $210,000. Id. at ¶ 34. Premier did not tell the court about its agreement with plaintiff. Id. at ¶ 35. The court entered judgment against plaintiff, but a copy of the judgment was not sent to him. Id. at ¶ 35. Defendant waited more than one year to inform plaintiff of the judgment. Id. at ¶ 39. In November 2013,

plaintiff received a letter about the deficiency judgment from defendant Roy Budlong, one of defendant Premier's "executive employees." Id. at ¶ 38. In February 2014, Premier began supplemental proceedings in state court to enforce the judgment against plaintiff. Id. at ¶ 40. In those proceedings, Premier has misrepresented the amount of accumulated interest by many thousands of dollars. Id. at ¶¶ 46-50. At the time plaintiff filed his complaint, some of the collection proceedings were pending. Id. at ¶¶ 43-45.

As a result of defendant Premier's collection efforts, plaintiff's wages and other income have been garnished, he has lost his life insurance policy, his credit has been damaged and he has incurred attorney fees. He is asserting claims for breach of contract (against defendant Premier), fraud (against defendants Premier and Budlong), tortious interference with a contract (against defendants Budlong, Olm and Olm & Associates), breach of fiduciary duty (against defendants Olm and Olm & Associates), civil conspiracy under Wis. Stat. § 134.01 (against defendants Premier and Budlong) and legal malpractice (against defendants Olm and Olm & Associates).

OPINION

A. Rooker-Feldman Doctrine

Defendants argue that all of plaintiff's claims are barred by the Rooker-Feldman doctrine, which is named after Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine is easily summarized. Only the Supreme Court has the authority to review the judgments of

3

state courts in civil litigation, so federal district courts do not have jurisdiction to hear a claim if a state court judgment is the source of the plaintiff's injury. Harold v. Steel, 773 F.3d 884, 885 (7th Cir. 2014). The doctrine does not apply if the plaintiff's injury "predate[s]" the state court litigation or is otherwise "independent" of that litigation. Id. Plaintiff says that the doctrine does not apply in this case because he is alleging that defendants obtained the judgment through fraud and because he did not have a reasonable opportunity to raise his claims in state court.

At this point, I am not persuaded that this court lacks jurisdiction to hear plaintiff's claims. Defendants' motions were poorly briefed, enough so that I believe it would be premature to dismiss plaintiff's claims at this stage of the proceedings in light of the questions left unanswered by the parties.

One problem with defendants' motions is that defendants paint their arguments with a very broad brush. They clump all of plaintiff's claims together and treat all the defendants as interchangeable, without considering the potential differences among particular claims against particular defendants. Among the questions the parties do not address are:

(1) whether it is appropriate to apply the Rooker-Feldman doctrine to legal malpractice claims (which often may include an adverse judgment as an injury), Kamilewicz v. Bank of Boston Corp., 100 F.3d 1348, 1351 (7th Cir. 1996) (Easterbrook, J., dissenting from denial of rehearing en banc) ("The Rooker-Feldman doctrine . . . does not apply to malpractice suits."); Riddle v. Deutsche Bank National Trust Co., 599 F. App'x 598, 600 (7th Cir. 2015) (malpractice claim arising out of foreclosure judgment not barred by Rooker-Feldman doctrine because "legal malpractice . . . is separate from the foreclosure process");

(2) whether a different analysis is required for plaintiff's challenges to defendants' efforts to *collect* the state court judgment, some of which are

4

      pending in state court, Richardson v. Koch Law Firm, P.C., 768 F.3d
      732, 733-34 (7th Cir. 2014) (stating that court was "skeptical" of
      decision by district court to treat "effort to collect the judgment" and
      "judgment's bare existence" as same injury under Rooker-Feldman);
      Parker v. Lyons, 757 F.3d 701, 705-06 (7th Cir. 2014) (Rooker-
      Feldman doctrine does not apply to state court proceedings that have
      not reached final judgment);

(3)    whether the Rooker-Feldman doctrine bars claims against defendants
      who were not parties in the state court action, Kamilewicz, 100 F.3d
      at 135 (Easterbrook, J., dissenting from denial of rehearing en banc)
      ("[T]he Rooker–Feldman doctrine does not affect suits by or against
      persons who were not parties to the initial case."), cited with approval
      in Arnold v. KJD Real Estate, LLC, 752 F.3d 700, 705 (7th Cir. 2014).

      The strongest argument for dismissal under the Rooker-Feldman doctrine may lie with plaintiff's claims against defendant Premier for fraud and breach of contract. To the extent that plaintiff is seeking reimbursement for the state court judgment against him, there is a colorable argument that the judgment is the source of his injury. However, even the resolution of these claims is not as clear as defendants suggested in their opening briefs.

      Defendants cited Grisham v. Integrity First Bank, No. 13-cv-587-bbc, 2014 WL 1315411, at *4 (W.D. Wis. Apr. 1, 2014), for the proposition that the Rooker-Feldman doctrine applies to a request to set aside a foreclosure judgment, but plaintiff is not asking for that in this case. Defendants also cited Kelley v. Med-1 Solutions, LLC, 548 F.3d 600 (7th Cir. 2008), and Harold, 773 F.3d 884, which they describe as similar cases in which in which the court applied the Rooker-Feldman doctrine. In Kelly, 548 F.3d at 601, the plaintiffs' claim was that an award of attorney fees in a previous case in state court violated the Federal Debt Collection Practices Act. In Harold, 773 F.3d at 885, the claim was that a judgment in a garnishment proceeding violated the same law.

5

However, defendants ignored Johnson v. Pushpin Holdings, LLC, 748 F.3d 769, 770 (7th Cir. 2014), despite its obvious relevance to this case. In Johnson, the plaintiffs brought claims for abuse of process and malicious prosecution against a debt collector who allegedly filed more than a 1000 fraudulent state court actions. The defendants sought dismissal under Rooker-Feldman, but the court rejected that argument with little discussion, stating that "[t]he rule does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. Such a suit does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment." Id. at 773. That is essentially what plaintiff is seeking in this case. He is not asking this court to set aside the state court judgment; he is asking for damages for a breach of contract and tortious conduct that resulted in the judgment.

Defendants raise a new argument in their reply briefs in an attempt to distinguish Johnson by citing Iqbal v. Patel, 780 F.3d 728, 730 (7th Cir. 2015), in which the court interpreted Johnson narrowly to mean that "federal courts retain jurisdiction to award damages for fraud that imposes extrajudicial injury." The court did not identify what the "extrajudicial injury" was in Johnson and the statement in Iqbal was dicta because the court declined to apply the Rooker-Feldman doctrine in that case. In any event, by raising this issue for the first time in their reply briefs, defendants deprived plaintiff of the opportunity to identify an "extrajudicial injury" or to explain why the injuries he has identified qualify as one. Particularly because the Supreme Court has emphasized that Rooker-Feldman is "a narrow doctrine," Lance v. Dennis, 546 U.S. 459, 464 (2006), and that lower courts often

6

have interpreted it too liberally, Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005), it would be premature to dismiss plaintiff's claims under that doctrine without further development of the issues. Accordingly, I am denying defendants' motions to dismiss under Rooker-Feldman, but defendants are free to develop their argument further in the context of a motion for summary judgment.

## B. Merits

Defendants Olm and Olm & Associates seek dismissal on the alternative ground that plaintiff has failed to state a claim upon which relief may be granted. These defendants do not challenge the sufficiency of plaintiff's allegations in the complaint, but they argue that those allegations are contradicted by the agreement between plaintiff and defendant Premier, which plaintiff attached to his complaint. Flannery v. Recording Indus. Association of America, 354 F.3d 632, 638 (7th Cir. 2004) ("[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint."). In particular, defendants say that the agreement shows that Premier promised not to pursue a deficiency judgment against plaintiff only if plaintiff submitted a bid at the sheriff's sale that was higher than Premier's and then paid the balance of the purchase price within 10 days of confirmation. This is inconsistent with the complaint, defendants say, because plaintiff admits that he did not bid on the property. According to defendants, all of plaintiff's claims are contingent on his breach of contract claim against defendant Premier, so if that claim fails, all of plaintiff's claims fail.

In his opposition brief, plaintiff says that he alleges in his complaint that he and defendant Premier modified their agreement in order to allow defendant Premier to bid on the property and then transfer the property to the purchaser that plaintiff identified. Although the paragraph plaintiff cites does not state expressly that the parties modified their agreement, it does state that, in the months after the agreement, the parties traded "substantial correspondence" in which they agreed to the different terms that plaintiff describes. Cpt., dkt. #1, at ¶ 27 ("Between May and September 2011, there was substantial correspondence between Mr. Sheth and Mr. Budlong. In this correspondence, the parties agreed 1) the purchase price of the hotel would be $1,100,000; 2) the Bank would bid $1,100,000 at the Sheriff's sale; and 3) the Bank would then transfer the Hotel to [the new purchaser] for $1,100,000."). Even if I agree with defendants that plaintiff should have been clearer in his complaint, it is well-established that a plaintiff may supplement his complaint with additional facts in a brief or affidavit. Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Hrubec v. National Railroad Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992). Because plaintiff alleges clearly in his brief that the agreement was modified, I decline to dismiss plaintiff's claims on the ground that they are inconsistent with attachments to his complaint.

Defendants Olm and Olm & Associates raise new arguments in their reply brief regarding plaintiff's malpractice claim. However, defendants forfeited these arguments for the purpose of their motion to dismiss by failing to include them in their opening brief. Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009).

ORDER

IT IS ORDERED that the motions to dismiss filed by defendants Premier Bank, Roy J. Budlong, Mark Olm and Olm & Associates, dkt. ##8 and 11, are DENIED.

Entered this 20th day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge