IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAMLESH SHETH,

                                                                                       ORDER

                       Plaintiff,

                                                                                15-cv-315-bbc

     v.

PREMIERBANK, ROY J. BUDLONG,
MARK OLM and OLM & ASSOCIATES,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a case arising under state law, which means that the court cannot exercise jurisdiction over the case unless the amount in controversy is greater than $75,000 and plaintiff Kamlesh Sheth is a citizen of a different state than defendants PremierBank, Roy J. Budlong, Mark Olm, and Olm & Associates. 28 U.S.C. § 1332. Several motions are ready for review, including multiple motions for summary judgment. However, I cannot resolve any of those motions until the parties show that subject matter jurisdiction is present.

      The parties' proposed findings of fact show that the amount in controversy is well over $75,000, plaintiff is citizen of Illinois, defendant Budlong is a citizen of Wisconsin and defendant Olm is a citizen a Wisconsin. (Because it is undisputed that Olm & Associates is simply a name under which defendant Olm does business, Olm PFOF ¶ 5, dkt. #93, I need not consider the citizenship of Olm & Associates separately. In future orders, I will amend the caption to reflect the relationship between these two defendants.)

1

The problem is with defendant PremierBank, which says that it is "a state bank organized under the laws of the state of Wisconsin and is located and doing business in the State of Wisconsin."  PremierBank PFOF ¶ 2, dkt. #96.  State banks usually are corporations, Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006), but the bank does not say what type of business entity it is.  If the bank is a corporation, its citizenship is determined by both its state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1). Although the bank says that it is "located" in Wisconsin and does business there, it does not identify its principal place of business.  If the bank is not incorporated, there are different rules for determining citizenship.  Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314, 316 (7th Cir. 1998) ("Unincorporated business entities . . . are treated as citizens of every jurisdiction in which any equity investor or member is a citizen . . . . Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member.").

Before the case can proceed further, the parties will have to submit supplemental evidence identifying (1) whether the bank is incorporated or unincorporated; and (2) the relevant citizenship information needed.  Because plaintiff filed the case in federal court, it is his burden to show that jurisdiction is present.  However, because the bank is likely in the best position to provide evidence of its citizenship, the parties may wish to work together to provide the court the evidence it needs.

ORDER

IT IS ORDERED that plaintiff Kamlesh Sheth (or any other party) may have until August 15, 2016, to file supplemental materials showing that this court may exercise jurisdiction under 28 U.S.C. § 1332. If no party responds by that date, I will dismiss the case for lack of jurisdiction.

Entered this 8th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge